UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVEN BURLEY and
MICHELLE BURLEY,

      Plaintiffs,

v.                                                                                            Case No.  1:13-CV-477

JPMORGAN CHASE BANK, N.A.,                                            HON. GORDON J. QUIST
d/b/a CHASE,

      Defendant.
_____/

## OPINION

Plaintiffs, Steven and Michelle Burley, filed a four-count Complaint against Defendant, JP Morgan Chase Bank, N.A. (Chase), in the Muskegon County Circuit Court on April 2, 2013, alleging the following claims: (1) breach of contract/specific performance (Count I); (2) unjust enrichment (Count II); (3) violation of the Fair Debt Collections Practices Act (FDCPA) (Count III); and violations of M.C.L. § 600.3205 (Count IV).  All of the Burleys' claims arise out of the Burleys' default on a mortgage loan and Chase's efforts to conduct a nonjudicial foreclosure of the mortgage.

Chase timely removed the case to this Court on May 2, 2013, alleging both diversity and federal question jurisdiction as the bases for the removal.  Following the removal, the parties engaged in negotiations, which culminated in Chase offering the Burleys a permanent loan modification.  The Burleys declined to accept the proposed modification.  Further negotiations to resolve the matter proved unsuccessful.  (Dkt. # 15.)  Thus, Chase now moves for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for

partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a). The Burleys have not responded to the motion within the specified time. *See* W.D. Mich. LCivR 7.2(c).[1]

For the reasons set forth below, the Court will grant Chase's motion and dismiss the Complaint with prejudice.

## I. BACKGROUND

On February 3, 2006, the Burleys obtained a mortgage loan from Republic Bank in the amount of $262,000.00 and executed a note in favor of Republic. (Def.'s Br. Supp. Ex. 2.) To secure repayment of the loan, the Burleys granted a mortgage on their property known as 6196 S. Shore Drive, Whitehall, Michigan 49461 (Property) to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Republic. (*Id.* Ex. 1.) MERS assigned the mortgage to Chase, as successor by merger to the assignee, Chase Home Finance. LLC, on or about October 5, 2010, and the assignment was recorded in the Muskegon County Register of Deeds on November 8, 2010. (*Id.* Ex. 3.)

Sometime prior to September 1, 2009, the Burleys defaulted on their mortgage loan. (Compl. ¶¶ 13–14.) In September 2009, Chase offered the Burleys a trial period plan (TPP) under the Home Affordable Modification Program. (*Id.* ¶ 15; Def.'s Br. Supp. Ex. 4.) The TPP required the Burleys to sign and return two copies of the TPP, to provide Chase with documentation to verify their income, and to make three Trial Period Payments. (*Id.* at Page ID 127–28.) The TPP advised the Burleys that Chase would send them a signed copy of the TPP if they qualified for a modification and cautioned, "[t]his Plan will not take effect unless and until both [the Burleys] and [Chase] sign it and [Chase] provides [the Burleys] with a copy of this Plan with [Chase's]

---

[1] The Court denies Chase's request for oral argument, particularly in light of the Burleys' failure to respond to the motion.

signature." (*Id.* at Page ID 127.) In addition, the TPP provided that it would terminate for various reasons, including if Chase did not provide the Burleys with a fully-executed copy of the TPP and the modification agreement. (*Id.* at Page ID 128, § 2.F.(i).) Although the Burleys made the required Trial Period Payments, as well as other payments, Chase did not execute the TPP, and on July 22, 2010, Chase sent the Burleys a letter informing them that it would not offer them a modification agreement due to their failure to provide the requested documents. (*Id.*; Compl. ¶¶ 20–21, 25.)

On February 4, 2011, Chase's foreclosure counsel, Trott & Trott, P.C., sent the Burleys a notice of their default and Chase's election to accelerate the debt. (Kemp-Brocks Decl. ¶ 4, Def.'s Br. Supp. Ex. 5.) In addition, Trott & Trott sent the Burleys each a notice as required under M.C.L. § 600.3205a(1) (§ 3205a Notices), by first class and certified mail, addressed to their last known address. (*Id.* ¶ 4.) Trott & Trott also enclosed a list of housing counselors prepared by the Michigan State Housing Development Authority. (*Id.* ¶ 5.) Pursuant to the § 3205a Notices, the Burleys, through GreenPath Debt Solutions—a housing counselor—requested a meeting as permitted by M.C.L. § 600.3205b with Trott & Trott. (*Id.* ¶ 6.) On February 14, 2011, Trott & Trott sent letters to the Burleys and Greenpath confirming the Burleys' request for a meeting, and requesting that the Burleys produce documentation that was required to determine whether the Burleys were eligible for a loan modification. (*Id.*)

On March 17, 2011, Trott & Trott advised the Burleys and GreenPath by letter that they had failed to provide the documents requested in Trott & Trott's February 14, 2011 letter. (*Id.* ¶ 7.) Subsequently, the Burleys provided some of the requested documents, and Trott & Trott notified the Burleys and GreenPath that a meeting was scheduled for April 21, 2011. The meeting pursuant to M.C.L. § 600.3205b was held on April 21, 2011, but the Burleys refused to sign the

acknowledgment of the meeting, which Trott & Trott recorded later that day. (*Id.* ¶ 8.) On October 10, 2011, Trott & Trott sent letters to the Burleys and GreenPath again requesting documentation that the Burleys had not previously provided, to allow Chase to determine whether the Burleys were eligible for a loan modification. On November 28, 2011, the Burleys submitted an additional request for modification, but Chase determined that the new documentation was still insufficient to allow it to determine whether the Burleys qualified for a loan modification. (*Id.* ¶ 9.) Thereafter, Chase referred the loan to Trott & Trott for foreclosure.

On June 25, 2012, Trott & Trott sent the Burleys and GreenPath each a letter referencing the April 21, 2011 statutory meeting and informing the Burleys that, in light of their ineligibility for a loan modification, Trott & Trott would proceed to foreclose on the Property. (*Id.* ¶ 10.) On March 18, 2013, Trott & Trott sent the Burleys a Notice of Foreclosure Sale and posted the Notice on the Property. (*Id.* ¶ 11.) A sheriff's sale was scheduled for April 5, 2013, but the Burleys filed this action in state court and obtained a temporary restraining order enjoining the sale. Thereafter, Chase agreed to adjourn the sale pending the conclusion of this case.

## II.  MOTION STANDARDS

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine

whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

### III. DISCUSSION

As noted above, the Burleys have failed to respond to Chase's motion. Under these circumstances, the Court would be justified in treating all of the Burleys' claims as abandoned,

without conducting any substantive analysis to explain why dismissal is proper. *See Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253 at *2 (E.D. Mich. Apr. 11, 2014) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned."). Nonetheless, the Court will briefly explain why each of the Burleys' claims is subject to dismissal.

      A.    **Breach of Contract/Specific Performance**

In Count I, the Burleys allege a claim for breach of contract based on the allegation that the TPP was a legally binding contract. The Burleys claim that they performed all of their obligations under the TPP and, thus, were entitled to a loan modification. The Burleys request that the Court order Chase to perform its obligations under the TPP and permanently modify the Burleys' mortgage loan.

In *Brady v. Chase Home Finance, LLC*, No. 1:11-CV-838, 2012 WL 1900606 (W.D. Mich. May 24, 2012), the plaintiff raised essentially the same breach of contract claim that the Burleys allege in this case based on a TPP. This Court rejected the claim because, among other reasons, the TPP expressly provided that the plan would not take effect until the defendant sent the plaintiff a fully-executed TPP. This Court further concluded that because the defendant never sent the plaintiff a fully-executed TPP, "the TPP never ripened into an offer that Brady could accept." *Id.* at * 7. The same is true in this case. Thus, for this reason, and for additional reasons cited in *Brady*—which the Court need not repeat—the Burleys' breach of contract claim fails as a matter of law.

      B.    **Unjust Enrichment**

The Burleys allege a claim for unjust enrichment based on Chase's "repeated promises to correct its document handling issues and make the trial plan permanent. . . ." (Compl. ¶ 40.) The

6

Burleys allege that, but for Chase's representations, they would not have paid Chase approximately $11,027.94. (*Id.*) The short answer to this claim is that "unjust enrichment is an equitable remedy, subject to the doctrine of unclean hands because of [the Burleys'] failure to make loan payments." *Durr v. Bank of Am., NA*, No. 12-11840, 2013 WL 6050140, at *7 (E.D. Mich. Nov. 15, 2013). In other words, the Burleys' default precludes the equitable relief they request. Moreover, the unjust enrichment claim fails because the Burleys' mortgage was an express contract governing their obligation to make mortgage payments. *See Pendracki v. BAC Home Loans Servicing, LP*, No. 11-14588, 2012 WL 3887509, at *6 (E.D. Mich. Sept. 7, 2012) (noting that "[c]laims of unjust enrichment cannot proceed where there is an express contract covering the subject matter; they are only applicable where a contract is implied") (internal quotation marks omitted).

    **C.    FDCPA Claim**

The Burleys' FDCPA claim also fails for multiple reasons. First, their claim fails under the pleading standards articulated in *Twombly*, *supra*. The Burleys contend that Chase violated the FDCPA by "[a]ttempting to collect a debt not authorized by contract or by law," and by "[m]isrepresenting the debt or using deception to collect the debt." (Compl. ¶ 47.) These allegations, which merely parrot the statute, *see* 15 U.S.C. §§ 1692e, 1692f(1), are labels and conclusions devoid of factual substance. Second, to the extent the Burleys claim that Chase misrepresented the debt or used deception by offering the Burleys a TPP, accepting their Trial Period Payments, and failing to provide them a loan modification, such claim fails because the TPP expressly informed the Burleys that it would be binding on Chase only if Chase provided the Burleys a fully-executed TPP, which the Burleys admit did not occur. Finally, the Burleys have not alleged facts sufficient to establish that Chase was a debt collector. The term "debt collector" excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed

or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Consequently, the FDCPA does not apply to a mortgage servicer if the debt was not in default at the time it was assigned to the servicer. *See Mitchell v. Mort. Elec. Registration Sys., Inc.*, No. 1:11-CV-425, 2012 WL 1094671, at *4 (W.D. Mich. Mar. 30, 2012). The Burleys's allegations do not indicate whether Chase began servicing the loan before or after it was in default. Thus, the Burleys have not sufficiently alleged that Chase was a debt collector subject to the FDCPA.

### D. Violation of M.C.L. § 600.3205

In their final claim, the Burleys allege that Chase failed to provide them the notice required by M.C.L. § 600.3205a. As set forth above, Chase has properly supported its motion for summary judgment on this claim, showing that Trott & Trott provided the required notice, contrary to the Burleys' own allegations. Because the Burleys have offered no evidence to refute Chase's evidence, Chase is entitled to summary judgment on this claim.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Chase's motion and dismiss the Burleys' Complaint with prejudice.

An Order consistent with this Opinion will be entered.

Dated: June 4, 2014　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE